UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ANDRE LEVESQUE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-10103-JCB |
| FORT DEVENS FEDERAL MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM AND ORDER

June 5, 2017

Boal, M.J.

For the reasons set forth below, and because the parties have not yet consented to proceed before a Magistrate Judge, the Court will order that this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as set forth below.

I.  BACKGROUND

Andre Levesque, now residing in Merrill, New York, initiated this action after finishing his term of incarceration at FMC Devens and awaiting a civil determination pursuant to 18 U.S.C. § 4246.  At that time, plaintiff filed his self-prepared complaint accompanied by motions to proceed in forma pauperis and to enter evidence.  See Docket Nos. 1-3.  Levesque's complaint, which together with its supplements was 104 pages, identified as defendants "Jane and John Does of Fort Devens, a Federal Medical Center" and alleged that he was blatantly "discriminated against in a plethora of constitutional violations" and "subjected to tortious state

sanctioned human rights violations and witnessed others, causing post traumatic stress, done on purpose using government positions to cause imminent distress, and irreparable harms." See Complaint ("Compl."), ¶¶ 2 - 4.

On February 22, 2017, this Court issued a Memorandum and Order outlining the allegations, granting plaintiff's in forma pauperis motion, noting the various legal impediments to his claims, and directing plaintiff to show cause by March 15, 2017, why his complaint should not be dismissed, or, in the alternative, file an amended complaint which cures the pleading deficiencies of his original complaint.[1]  Docket No. 8.  Among other things, the Memorandum and Order explained that Levesque's allegations were generally confusing.  His complaint failed to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because none of the claims related to any specific defendants, except for the allegation of "hazing."  Even so, the original complaint failed to set forth a plausible claim for relief because the allegations were largely conclusory and not supported by adequate references to specific actionable conduct.

On or about March 16, 2017, plaintiff filed a motion requesting an emergency injunction. See Docket No. 11.  In the motion, plaintiff avers that the artificial lighting and paint scheme at FMC Devens causes plaintiff, and others, pain that is similar to snow blindness.  Plaintiff states that he is more sensitive to the artificial lighting because of individual genetic factors and he expresses fear that his prolonged exposure to the particular type of lighting and colors at Devens may be causing him irreversible health issues.  Id.

---

[1]The Memorandum and Order explained that because this action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges, the case may be reassigned to a District Judge for further review of plaintiff's response.

On or about March 20, 2017, plaintiff filed a 129-page amended complaint. Docket No. 12. On March 22, 2017, plaintiff filed a second motion to proceed in forma pauperis. Docket No. 10. In April, plaintiff filed two motions to submit evidence and a motion to seal. Docket Nos. 13-15. On May 22, 2017, plaintiff filed a motion for default stating, among other things, that he has been released from custody. Docket No. 17.

II.     SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

Because plaintiff has been permitted to proceed in forma pauperis, his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In connection with the preliminary screening, pro se pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir.1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520).

Whereas plaintiff's original complaint simply identified the defendants as "Jane and John Does of Fort Devens, a Federal Medical Center," the amended complaint lists 91 defendants with the first defendant identified as Warden Grondolsky and the last identified as President Obama. The amended complaint asserts numerous claims concerning the following issues: (1) "hazing," see Am. Compl. at ¶¶ 1, 3, 41; (2) plaintiff's difficulty in obtaining appropriate footwear and clothing, id. at ¶¶ 3, 13, 30, 82, 84; (3) complaints concerning laundry schedule and methods, id. at ¶ 83; (4) complaints concerning access to the recreation center, id. at ¶¶ 22, 52, 46; (5) food service issues, id. at ¶ 4, 5; (6) plaintiff's fifteen pound weight loss and weight gain, id. at ¶¶ 53,

65; (7) concerns over an unidentified medical device/medical prosthetic, id. at ¶¶ 10, 11, 41, 56, 81; (8) concerns over cold temperatures, id. at ¶¶ 14, 16, 18, 19, 20, 21; (9) concerns over unsanitary conditions, id. at ¶¶ 26, 28, 34, 63, 66, 90, 98, 100; (10) complaints about medical care, id. at ¶¶ 27, 49, 50, 62, 70-77, 99, 107; (11) concerns about commissary charges and merchandise, id. at ¶¶ 31 - 33, 43, 60; (12) concerns about due process during disciplinary proceedings, id. at ¶¶ 35, 36, 54, 55, 69; (13) concerns about verbal abuse by correctional staff, id. at ¶¶ 47, 48, 61, 63; (14) concerns over lack of access to picnic tables, id. at ¶¶ 59, 91; and (15) concerns over signage in N-building lobby, id. at ¶¶ 17, 106, 108, 109, 110, 111.  Plaintiff does allege that, at various times, defendants Bailey, Gilman, Giardinella, Ford, and Carter made threats against plaintiff.  See Am. Compl. at ¶¶ 6-8, 29, 38-39, 58, 89.

III.     DISCUSSION

As an initial matter, because plaintiff was permitted to proceed in forma pauperis, his renewed motion to proceed in forma pauperis is unnecessary and will be denied as moot.

As to the amended complaint, it is clear that plaintiff has tried to correct the pleading deficiencies of his original complaint.  See Am. Compl. at ¶ 79 (the "court only gave me 21 days so I do not have the emotional strength to list the other 1000 things literally I took notes and need a team of paralegals to go over each line of each page.").  Through plaintiff's effort to identify the defendants who were initially identified in the original complaint as simply "the Jane and John Does of Fort Devens," the amended complaint now asserts over a dozen claims and identifies dozens of officers, employees and medical personnel at FMC Devens.  Also, in an effort to describe "who did what to whom, when, where and why," the amended complaint lists many individual incidents by date.

Despite these efforts, the length of the amended complaint and the number of individual parties and discrete claims directly implicates Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must give the defendant "fair notice of what the . . . claim is and the ground upon which it rests," Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and a "meaningful opportunity to mount a defense . . ." Conley v. Massachusetts, No. 09-11108-NG, 2009 WL 2096207, at *4 n. 5 (D. Mass. July 7, 2009) (internal quotation marks and citation omitted). "What constitutes a short and plain statement must be determined in each case on the basis and nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." Peabody v. Griggs, No. 08-243-ML, 2009 WL 3200686, at *2 (D.R.I. Oct. 6, 2009) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004)). "A plaintiff properly pleads a claim for relief by '*briefly* describing the events' supporting the claim.'" Id. (citation omitted; emphasis in original).

Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The statement of the claim should be short because 'unnecessary length places an unjustified burden on the court and on the party who must respond to it.'" Peabody, 2009 WL 3200686, at *3 (citations omitted).

Although a court must construe a pro se plaintiff's complaint liberally, pro se plaintiffs, like all plaintiffs, must comply with the Federal Rules of Civil Procedure. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with

5

procedural and substantive law."). If a plaintiff's complaint fails to comply with the "short and plain statement" requirement, the court may dismiss it. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (citations omitted).

Plaintiff's amended complaint does not comply with Rule 8. It is not a short and plain statement of his claims. It contains 112 confusing paragraphs and numerous lengthy exhibits.

Plaintiff's amended complaint also fails to comply with Rules 18 and 20. Although Rule 18(a) permits a plaintiff to bring multiple claims against a defendant in a single action, "it does not permit the joinder of unrelated claims against different defendants." Spencer v. Bender, No. CA 08–11528–RGS; 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir.2007)). As to Rule 20, which governs the permissive joinder of multiple parties in a single complaint, separate persons or entities may be joined in one complaint as defendants if there is a claim "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, plaintiff seeks to join almost 100 defendants and pursue over a dozen distinct claims against them in a single suit. Also, plaintiff is not asserting all of the claims against all of the defendants. Rather, each claim is brought only against one or several defendants. The Federal Rules of Civil Procedure simply do not allow "the joinder of unrelated claims against different defendants." Spencer v. Bender, 2010 WL 1740957 at *2; see also George v. Smith, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees. . .").

Although the court recognizes that the bulk of the allegations in the amended complaint fail to state a claim upon which relief can be granted, plaintiff may have stated cognizable claims against defendants Bailey, Gilman, Giardinella, Ford, and Carter. See Am. Compl. at ¶¶ 6-8, 29, 38-39, 58, 89.  However, such claims are subject to dismissal without prejudice because they are not asserted jointly and do not arise out of the same incidents or occurrences.  A close review of the amended complaint clearly establishes that the claims against the defendants do not factually arise from a common "transaction, occurrence, or series of transactions or occurrences" and will not involve universally common questions of law or fact. See Fed. R. Civ. P. 20(a)(2).  Because this Court would not accept this type of "omnibus" pleading of unrelated claims from a lawyer, it should not be accepted from a pro se litigant.

Plaintiff has already had one opportunity to correct the deficiencies of his pleadings.  No further opportunities need be afforded to plaintiff to file a second amended complaint.  Thus, I recommend that the amended complaint be dismissed without prejudice.  I do not recommend that Plaintiff be given leave file a second amended complaint because the joinder deficiencies identified herein are not remediable in this lawsuit.

IV.    ORDER AND RECOMMENDATION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's renewed motion to proceed in forma pauperis (Docket No. 10) is DENIED AS MOOT;

2.    Plaintiff's motions to enter and/or seal evidence (Docket Nos. 3, 13 - 15) are DENIED.

3.    Plaintiff's motion for default (Docket No. 17) is DENIED.[2]

---

[2] The Court is construing this motion as a request for entry of notice of default.

4. This action shall be REASSIGNED to a District Judge; and

5. This Court RECOMMENDS to the District Judge to whom this case is assigned that plaintiff's emergency motion (Docket No. 11) be denied and, in accordance with the February 22, 2017 Memorandum and Order, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), that the within action be DISMISSED WITHOUT PREJUDICE for the reasons stated above.

V. REVIEW BY DISTRICT JUDGE

Levesque is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72. Levesque is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

    /s/  Jennifer C. Boal
    JENNIFER C. BOAL
    United States Magistrate Judge